UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LERNOUT & HAUSPIE SPEECH PRODUCTS N.V., et al.,<br><br>Debtors, | Chapter 11<br><br>Case No. 00-04398 (JHW)<br>(Jointly Administered) |
| LERNOUT & HAUSPIE SPEECH PRODUCTS N.V.,<br><br>Plaintiff,<br><br>v.<br><br>KPMG LLP<br><br>Defendant. | Adv. Pro. No. 02-6810 (JHW)<br><br>Civil Action No. 04-1330-SLR |

## STIPULATION AND ORDER FOR SETTLEMENT

This Agreement (the "Agreement") is entered into by and between the Plaintiff Scott L. Baena, Litigation Trustee of the Lernout & Hauspie Speech Products N.V. Litigation Trust ("Litigation Trustee" or "Plaintiff"), assignee of Lernout & Hauspie Speech Products, NV ("L&H NV") and the Defendant, KPMG LLP ("KPMG" or "Defendant"), for purposes of memorializing the terms and conditions of the settlement entered into by and between the parties in the above styled Adversary Proceeding.

## RECITALS

**WHEREAS,** on November 29, 2000 (the "Petition Date"), L&H NV, together with certain of its affiliates, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

Civil Action No. 04-1330-SLR

**WHEREAS**, on December 27, 2000, L&H NV commenced a concordat reorganization proceeding (the "Belgian Case") in the Ieper, Belgium Commercial Court (the "Belgian Court"), which was granted by the Belgian Court on January 5, 2001;

**WHEREAS**, on March 31, 2001, the United States Trustee appointed a committee of unsecured creditors in L&H NV's U.S. bankruptcy proceeding (the "Committee"). No trustee or examiner was appointed during the administration of the Debtor's estate;

**WHEREAS**, on May 30, 2003, the Bankruptcy Court entered an Order, D.I. 3717 (the "Confirmation Order"), confirming a plan of liquidation proposed by the Committee (the "Plan"). Among other things, the Plan vests authority to maintain and prosecute avoidance actions after the effective date with a Litigation Trust controlled by a Litigation Trustee appointed by the Committee. The Committee appointed Scott Baena, a partner in the law firm Bilzin Sumberg Baena Price & Axelrod, LLP ("Bilzin Sumberg"), as Litigation Trustee under the Plan;

**WHEREAS**, on or before November 27, 2002, the Litigation Trustee filed the *Complaint Against KPMG to Avoid Preferential Transfers and to Recover Property Pursuant to 11 U.S.C. §§ 547 and 550*, initiating this case styled Lernout & Hauspie Speech Products N.V., v. KPMG LLP, Adversary No. 02-6910 (the "Adversary Proceeding");

**WHEREAS**, on October 25, 2004, this Court entered an Order granting KPMG's motion for withdrawal of the reference to the Bankruptcy Court, transferring this Adversary Proceeding to the District Court.

**WHEREAS**, the parties subsequently entered into negotiations and have agreed to settle the Adversary Proceeding and wish to memorialize the terms and conditions of their Settlement Agreement;

Civil Action No. 04-1330-SLR

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein after, the parties stipulate and agree as follows:

1.  **Preference Settlement.**

    (a) In full and complete satisfaction of all claims asserted in this Adversary Proceeding, and of any claims available to the Litigation Trustee under chapter 5 of the Bankruptcy Code that could have been asserted against KPMG, KPMG shall pay to the Litigation Trustee the amount of $23,750 (the "KPMG Adversary Settlement Amount");

    (b) KPMG shall waive any right to assert a claim for the KPMG Adversary Settlement Amount under section 502(h) of the Bankruptcy Code against the Debtor or its estate;

    (c) The KPMG Adversary Settlement Amount shall be payable in full by check or money order made payable to "Scott L. Baena, Litigation Trustee" and shall be mailed to counsel for the Litigation Trustee, TerRance Q. Woodard, Esq., Bilzin Sumberg Baena Price & Axelrod LLP, 2500 Wachovia Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131;

    (d) This Agreement shall be submitted to the District Court for approval. On the tenth calendar day following the District Court's docketing of the entry of an order approving this Agreement, the Agreement shall become a Final Order;

    (e) The KPMG Adversary Settlement Amount shall be due and payable, and delivered to counsel for the Litigation Trustee when the order approving this Agreement becomes a Final Order;

    (f) Upon execution of this Agreement by both parties, entry of a Final Order approving this Agreement, and payment of the KPMG Adversary Settlement Amount, the Litigation Trustee shall dismiss the Adversary Proceeding, with prejudice;

3

(g)     Notwithstanding any of the provisions herein, this Agreement does not resolve, and shall have no effect on the action styled *Baena v. KPMG LLP, et. al.*, Case No. 04-CV-12606-PBS, now pending before the United States District Court for the District of Massachusetts.

(h)     In the event this Agreement is not approved by Final Order of the United States District Court, this Agreement shall be deemed null and void and the Litigation Trustee shall be entitled and otherwise permitted to proceed with the Adversary Proceeding, and KPMG shall not be obligated to pay to the Litigation Trustee the KPMG Adversary Settlement Amount.

2.     **Releases**.

(a)     In consideration of this Agreement, conditioned upon approval of the District Court and upon receipt of the Settlement Amount, the Litigation Trustee hereby forever waives, releases and discharges KPMG, its successors and assigns, of and from any and all manner of action or actions, cause and causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever in law or in equity, known or unknown, or hereafter becoming known, for, upon, or by reason of the preference claim asserted in this Adversary Proceeding and any claims arising under chapter 5 of the Bankruptcy Code.  Neither the Agreement, nor this release, resolves or has any effect on any other claims or causes of action between the parties including, but not limited to, any claim or cause of action of the Litigation Trustee arising from or related to the action styled *Baena v. KPMG LLP, et. al.*, Case No. 04-CV-12606-PBS, now pending before the United States District Court for the District of Massachusetts.

Civil Action No. 04-1330-SLR

(b) In consideration of this Agreement, conditioned upon approval of the District Court and upon payment of the Settlement Amount, KPMG hereby releases and forever discharges the Litigation Trustee and his successors and assigns from any and all claims arising out of or directly relating to this Adversary Proceeding, of whatever kind and character, known or unknown, common law or statutory, that KPMG may have or claim to have against the Litigation Trustee. Neither the Agreement, nor this release, resolves or has any effect on any other claims or causes of action between the parties including, but not limited to, any claim or cause of action of KPMG arising from or related to the action styled *Baena v. KPMG LLP, et. al.*, Case No. 04-CV-12606-PBS, now pending before the United States District Court for the District of Massachusetts.

3. **Due Authorization**. Each party to this Agreement hereby represents and warrants that this Agreement has been duly authorized and that the individual signing this Agreement on its behalf is duly authorized and fully competent to execute this Agreement and to deliver this Agreement to the other party. The Litigation Trustee hereby represents and warrants that the individual signing this Agreement on behalf of the Litigation Trustee is duly authorized and fully competent to execute this Agreement and to deliver this Agreement to the Defendant. The Defendant hereby represents and warrants that the individual signing this Agreement on behalf of the Defendant is duly authorized and fully competent to execute this Agreement and to deliver this Agreement to the Litigation Trustee.

4. **No Prior Transfer**. The Defendant represents and warrants that there has been no assignment, sale, or other transfer or disposition of any interest in the Claim to be waived and relinquished in this Agreement.

5. **Assignment, Predecessors, Successors, and Assigns**. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their legal representatives, predecessors, successors, and assigns, including, without limitation, any trustee, responsible person or examiner (with or without expanded powers) that might be appointed for the Litigation Trustee and/or the Debtor.

6. **No Admission of Liability**. The parties to this Agreement each deny liability to the other, and neither the payment of money nor the performance of any other matters contemplated hereby or provided for herein shall in any way or manner be construed as an admission of any allegation, fact or liability or any act of wrongdoing.

7. **Construction**. The parties hereto hereby mutually acknowledge and represent that they have been fully advised by their legal counsel of their rights and responsibilities under this Agreement, that they have read, know and understand completely the contents hereof, and that they have voluntarily executed same.

8. **Entire Agreement**. This Agreement constitutes the entire agreement and understanding between the parties relating to the subject matter contained herein, and this Agreement may not be altered, amended or modified in any respect or particular whatsoever except by a writing duly executed by each of the parties hereto.

9. **Counterparts**. This Agreement may be executed in several counterparts, each of which shall be an original, so that all of which taken together shall constitute one and the same instrument.

10. **Severability**. In the event that any part of this Agreement shall be found to be illegal or in violation of public policy, or for any reason unenforceable at law, such finding shall not invalidate any other part hereof.

Civil Action No. 04-1330-SLR

11. **Choice of Law**. This Agreement shall be interpreted under, and construed in accordance with, the internal laws of the State of Delaware without regard to the conflict of law rules of the State of Delaware.

| | |
|---|---|
| SCOTT L. BAENA,<br>Litigation Trustee for the<br>Lernout & Hauspie Speech Products N.V.<br>Litigation Trust<br>By His Attorneys, | KPMG LLP<br>By Its Attorneys, |
| **BILZIN SUMBERG BAENA**<br>**PRICE & AXELROD LLP**<br><br>By: _____<br>DAVID W. TRENCH<br>(Admitted Pro Hac Vice)<br>TERRANCE Q. WOODARD<br>2500 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131-2336<br>Telephone: (305) 374-7580<br><br>Dated: 9/12/05 | **MORRIS, JAMES, HITCHENS &**<br>**WILLIAMS LLP**<br><br>By: _____<br>BRETT D. FALLON (#2480)<br>DOUGLAS N. CANDEUB (#4211)<br>222 Delaware Avenue, 10th Floor<br>Post Office Box 2306<br>Wilmington, Delaware 19899<br>Telephone: (302) 888-6800<br><br>Dated: _____ |

SO ORDERED:

_____        _____
SUE L. ROBINSON                 Date
United States District Court Judge

**CERTIFICATE OF SERVICE**

I, Lisa L. Coggins, hereby certify that on this 12th day of September, 2005, I caused one copy of the foregoing Stipulation and Order for Settlement to be served upon the following parties in the manner indicated:

**BY HAND DELIVERY**

Brett D. Fallon, Esq.
Douglas N. Candeub, Esq.
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801

**BY FIRST CLASS MAIL**

Michael P. Carroll, Esq.
Michael S. Flynn, Esq.
Suong T. Nguyen, Esq.
Davis Polk & Wardell
450 Lexington Avenue
New York, NY 10017


Under penalty of perjury, I declare that the foregoing is true and correct.


                                       /s/ Lisa L. Coggins
                                       Lisa L. Coggins, Esq.